# Petitioner's Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

---------------------------------------------------------------x
:
In re:  Application of ALIX AM PTE LTD, for an  :   Case No. 1:21-mc-22954-JEM
Order to Conduct Discovery for Use in a Foreign  :
Legal Proceeding, Pursuant to 28 U.S.C. §1782  :
:
---------------------------------------------------------------x

**DECLARATION OF LEONARD RODES**

Leonard Rodes declares pursuant to 28 U.S.C §1746 as follows:

1. I am an attorney licensed to practice law in New York and Florida, and the sole member of The Rodes Firm PLLC, counsel for the petitioner herein, Alix AM Ptd Ltd ("Petitioner" or "Alix").

2. I respectfully submit this declaration (a) in further support of Alix's application pursuant to 28 U.S.C. §1782 (the "1782 Petition" [ECF No. 1]) for an order authorizing service of a document subpoena and a deposition subpoena upon EFG International via its Miami branch called EFG Capital ("EFG"), and (b) in opposition to the motion filed by Agriculture Investment Group Corp ("AIG") seeking to intervene in this proceeding ("AIG's Motion" [ECF No. 8]).

3. Terms defined in the 1782 Petition and submissions in support thereof shall have the same meanings herein.

4. On March 9, 2021, I caused a letter to be sent by email to AIG, to the specific attention of its then-CEO Mr. Ausqui and its general counsel Mr. Presa.  A copy of that letter and the email by which it was transmitted are collectively submitted herewith as Petitioner's Exhibit ("Pet. Ex.") 3.

5. In that letter, I summarized Alix's views and concerns regarding the "Granosur Transaction" (as described in the Statement of Claim in the BVI Proceeding [ECF 1-7]), and

advised AIG of Alix's "intention to pursue proceedings for unfair prejudice in the event that a satisfactory explanation [assuaging those concerns] is not received."

6. Further, my March 9 letter asked Messrs. Ausqui and Presa to provide various documents to Alix, including documents that would be responsive to the document Subpoena that Alix now seeks to serve upon EFG pursuant to the 1782 Petition.

7. Ten days later, on March 19, 2021, Mr. Ausqui acknowledged receipt of my March 9 letter, and advised that he has forwarded the March 9 letter to Mr. Presa's correct email address. Mr. Ausqui's email also stated: "A response [to the March 9 letter] will be produced in due course." A copy of Mr. Ausqui's March 19 email is submitted herewith as Pet. Ex. 4.

8. To date, almost seven months later, AIG has not provided a substantive response to the March 9 letter.

9. During pre-motion conferences on September 10 and 20, 2021, I advised counsel for AIG that, while Alix believes that an intervention motion now (before the Court authorizes the service of any subpoena on EFG) is premature, Alix would not object to AIG's intervention *if* it were sought *after* the 1782 Petition had been addressed by the Court (so as not to delay the petition any longer), but that, in any event, Alix would provide to AIG copies of any documents produced by EFG and would welcome AIG's attendance and participation at any EFG deposition taken as a result of the 1782 Petition.

> I declare under penalty of perjury that the
> foregoing is true and correct. Executed in
> New York on October 11, 2021.
>
> _____
> Leonard A. Rodes

2